UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:17-CR-00270-T-33MAP

**ENITE ALINDOR**
    a.k.a Odette Dureland
    a.k.a Yvrose Policin
_____/

**DEFENDANT'S RESPONSE TO**
**GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY**

COMES NOW, the Defendant, ENITE ALINDOR (hereinafter referred to by her true name "Odette Dureland"), by and through undersigned counsel, and files her response to government's motion to preclude expert testimony:

1. In preparation for trial, undersigned counsel determined the need for a handwriting expert and retained Mr. Richard Orsini for that purpose. On January 9, 2018, the Defense received a report from Mr. Orsini, which was provided to the Government as soon as possible on January 10, 2018. The report explains that the signatures on two questionable documents - a 1997 petition for asylum and a fingerprint chart bearing the name of "Enite Alindor" - are inconsistent with the handwriting of Ms. Dureland.

2. In its Motion to Exclude Expert Testimony (Doc. 53), the Government asks the court to preclude Mr. Orsini's testimony for two reasons: (a) the disclosure of the testimony was untimely, catching the Government off-guard and making it difficult for the Government to arrange its own expert review in preparation for trial; and (b) handwriting is not a relevant issue in the case.

1

3. As for untimeliness, undersigned counsel regrets not being able to provide earlier disclosure, but explains that (a) the necessity for a handwriting expert was not foreseen until very recently in December 2017; (b) once that necessity was determined, it proved extremely difficult to locate and contract with a qualified expert in the limited time available; and (c) once an expert was found (in Jacksonville Beach, Florida), further time was required to schedule and conduct the handwriting examination and produce a report, which was disclosed to the Government approximately one day after being received and reviewed by the Defense.

4. As for relevance, Ms. Dureland points out that the main issue in this case is identity. The Government's entire theory of guilt stems from the assumption that it was Ms. Dureland who filed a fraudulent asylum petition in 1997.

5. And yet, other than a puzzling set of fingerprints, the origin and presence of which cannot be explained, the Government has not presented any evidence supporting its assumption as to the identity of the unknown person who filed the 1997 petition.

6. Given the central question of identity in this case, the Government's failure to see the relevance of handwriting is confounding. It surely must be presumed that the Government conducted its own handwriting examinations before charging Ms. Dureland of a criminal violation. If the Government neglected to make such an examination, that neglect would amount to an incomplete investigation as to who authored the application. Indeed, Ms. Dureland would prevail at trial on a Rule 29 motion for a Judgment of Acquittal based on the Government's failure to verify identity. The Government's current complaint as to untimeliness and irrelevance simply reflects shortcomings in developing its theory of prosecution.

7. However, should the Court grant the Government's motion to exclude the defense's handwriting expert, it is anticipated that the Government's expert report will constitute *Brady* material, as Ms. Dureland simply did not create or file the 1997 asylum petition in question. In anticipation of that *Brady* material, Ms. Dureland asks the Government to promptly disclose the results of its handwriting analysis.

8. Ms. Dureland asks that the Court deny the Government's request, or, in the alternative, grant the Government's motion to continue trial. A short continuance would help ensure that Ms. Dureland receives a fair trial pursuant to the Fifth and Sixth Amendments to the U.S. Constitution.

**MEMORANDUM OF LAW**

The Sixth Amendment to the United States Constitution guarantees defendants the right to have "compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. Implicit in this right, as well as in the basic notion of "due process of law" in general (*see U.S. Const. amend. V)*, is the idea that criminal defendants must be afforded the opportunity to present evidence in their favor. *See Specht v. Patterson,* 386 U.S. 605, 610 (1967) ("Due process ... requires that [the defendant] ... have an opportunity to be heard ... and to offer evidence of his own."); *United States v. Ramos,* 933 F.2d 968, 974 (11th Cir.1991) ("A criminal defendant's right to present witnesses in his own defense during a criminal trial lies at the core of the fifth and fourteenth amendment guarantees of due process.").

As stated by the Eleventh Circuit Court in *United States v. Hurn*:

> A district court's exclusion of a defendant's evidence violates these Compulsory Process and Due Process guarantees in four circumstances. *See Taylor v. Illinois*, 484 U.S. 400 (1988). First, a defendant must generally be

permitted to introduce evidence directly pertaining to any of the actual elements of the charged offense or an affirmative defense. Second, a defendant must generally be permitted to introduce evidence pertaining to collateral matters that, through a reasonable chain of inferences, could make the existence of one or more of the elements of the charged offense or an affirmative defense more or less certain. Third, a defendant generally has the right to introduce evidence that is not itself tied to any of the elements of a crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness. Finally, a defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light, such that a reasonable jury might receive it differently.

*United States v. Hurn*, 368 F.3d 1359, 1362-1363 (11th Cir. 2004).

## CONCLUSION

For the reasons stated above, this Court should deny Government's motion to preclude expert testimony and should allow Mr. Orsini to testify.

DATED this 12th day of January, 2018.

                                      Respectfully submitted,

                                      DONNA LEE ELM
                                      FEDERAL DEFENDER

                                      */s/ Irina Hughes*
                                      Irina Hughes
                                      Florida Bar No.0066198
                                      Assistant Federal Defender
                                      400 North Tampa Street
                                      Suite 2700
                                      Tampa, Florida 33602
                                      Telephone: (813) 228-2715
                                      Facsimile: (813) 228-2562
                                      Email: Irina_Hughes@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Jay Hoffer.

*/s/ Irina Hughes*
Irina Hughes
Assistant Federal Defender