UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                        Case No. 8:17-cr-270-T-33MAP

ENITE ALINDOR
  a/k/a Odette Dureland
  a/k/a Yvrose Policin

### GOVERNMENT'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S REQUEST FOR COURT TO TAKE JUDICIAL NOTICE

COMES NOW the United States of America, by and through its representative, the undersigned Assistant United States Attorney, and responds to defendant's Request for Court to Take Judicial Notice. In opposition thereto, the United States submits as follows

1. On May 25, 2017, the grand jury returned the indictment in the instant case. The allegations of that indictment have remained un-changed since that date.

2. On February 23, 2018, a mere three days before the scheduled commencement of trial in this case, the defendant filed a Request for Court to Take Judicial Notice. In it, the defendant asks the Court to take judicial notice of a vast number of documents and exhibits which she appears poised to attempt to offer into evidence at that trial.

3.      For the reasons set forth in the incorporated Memorandum of Law, the United States respectfully urges this Court to deny the defendant's Request for Court to Take Judicial Notice.

MEMORANDUM OF LAW

I.      Factual Background

The indictment alleges that the defendant procured United States citizenship under the name of "Odette Dureland" by making false statements in her application for citizenship. In her application to CIS (known as an N-400 form) and in her face-to-face interview with CIS officials, the defendant made false denials as to certain crucial and material facts. Had CIS officials known of those facts, they would have both disqualified her from being eligible for citizenship and initiated further investigation that would have also produced the same result: the denial of her application for citizenship. Specifically, she failed to acknowledge that in February 1997, she petitioned the INS for asylum protection under the name "Enite Alindor", seeking to remain in the United States as an asylee from her home country, Haiti. She did not acknowledge or admit her arrest history in that country in her N-400 form and further denied the use of names other than "Odette Dureland" and/or "Yvrose Policin". She also further concealed her previous application for immigration benefits or relief under the name "Enite Alindor". Due to the

nature of the procedures of the INS in 1997 relating to the fingerprinting of asylum applicants and the faulty storage of those prints, the INS was unaware of this failed Alindor application when it processed and reviewed the Dureland application for citizenship fifteen years later in 2012.

II. Legal Analysis

In her Request, the defendant asks that the Court take judicial notice of a large variety of documents, including pleadings in a criminal case in the Southern District of Florida relating to Ossmann Desir and a number of Department of Justice studies and Congressional documents on immigration practice and procedures. She requests that this Court take judicial notice of all of these materials pursuant to Federal Rule of Evidence 201.

With respect to "an adjudicative fact only", Federal Rule 201 permits the Court to "judicially notice a fact that is not subject to reasonable dispute". Fed. R. Evid. 201(a), (b). The rule permits this because such "adjudicative facts" are either "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id. Referring to an "adjudicative fact", the Rules Advisory Committee has stated that "a high degree of indisputability is the essential prerequisite." FED. R. EVID. 201 advisory committee's note (1972). The defendant thus seeks to characterize

the exhibits she lists in her Request as being such "adjudicative facts" which can be "accurately and readily determined" from sources whose authority "cannot reasonably be questioned".

Adjudicative facts subject to judicial notice are "facts that are relevant to a determination of the claims presented in a case." Dippin' Dots, Inc. v. Frosty Bites Distribution, 369 F.3d 1197, 1204 (11th Cir. 2004), cert. denied, 543 U.S. 1054 (2005). This is so because even the rule allowing for the taking of judicial notice is subject to the rules of relevance. All evidence, even evidence subject to judicial notice under Rule 201, "must bear a relationship to some consequential fact in the case. In other words, the information sought to be noticed must be relevant within the meaning of Rule 401, Federal Rules of Evidence." Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc., 244 F. Supp. 3d 716, 718 (N.D. Ill. 2017). The issue is "not whether the disputed evidence has great probative weight, but whether it has any." Id. at 719. An irrelevant fact is not of consequence and thus is not an "adjudicative fact". Blye v. California Supreme Court, No. CV-11-5046-DWM, 2014 WL 295022 at * 1 (N.D. Cal. Jan. 21, 2014). Thus, while a court has "wide discretion" to take judicial notice of facts, the Eleventh Circuit has urged caution in so doing and deemed it a "'highly limited process'" because the taking of judicial notice " 'bypasses the safeguards which are involved with the

usual process of proving facts by competent evidence' " Dippin' Dots, Inc. v. Frosty Bites Distribution, 369 F.3d at 1205 (quoting Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997)). For that reason, a court may refuse to judicially notice studies or reports that are not relevant to an issue in the case before the court. See United States v. Stinson, No. 6:14-cv-1534-Orl-22TBS, 2016 WL 8488240 at *9 (M.D. Fla. Aug. 26, 2016) (Conway, J.) (refusing to notice a study of IRS tax returns for a year not in issue in the case).

With respect to the court pleadings from the United States District Court for the Southern District of Florida in United States v. Ossmann Desir, the defendant is seeking to catapult into the trial record the fact of the conviction and sentence of Desir. Unfortunately for the defendant, Desir is not a witness whom the United States will call at this upcoming trial and his name does not appear on the defendant's witness either. Doc. 62. Desir ran a company which aided aliens in filing their applications with the INS. As such, the only apparent connection between Desir and this case is the fact that Desir helped this defendant prepare her initial I-130 application to the INS in 1997, an application using the name and identity which counsel for the defendant has repeatedly asserted is the defendant's true name and identity. The only apparent reason which the United States can see for the defendant's effort to put such derogatory information into the record in this trial is the fact that

Desir did, many years after 1997, take the true names and personal identification information of some of his immigration company clients and use that data to file false and fraudulent tax returns with the IRS. In addition, it was Desir who collected the fraudulently induced tax refunds. However, the earliest act of criminal conduct which that indictment charged took place over seven years after Desir dealt with this defendant in assisting in her I-130 petition and the victim of Desir's criminal conduct was the IRS, not CIS. In fact, his indictment made no mention at all of any fraud upon the INS or CIS.

Desir has never been charged with any violation of immigration laws. In addition, as far as the undersigned is aware after some inquiry he has made at the request of the defendant, Desir has not been the subject of any investigation for any such activity by the Department of Homeland Security. Counsel stretches the bounds and definition of "adjudicative facts" by thus appearing to assume that since Desir used aliens' <u>true</u> names and identities to commit tax fraud some seven years after he dealt with this defendant, he must have done something unlawful or fraudulent with respect to this defendant's application in 1997. Sadly for the defendant, there is not one scintilla of evidence to suggest or prove any such fact. Moreover, even if such facts existed, Desir would clearly be subject to the defendant's subpoena power to testify as to this issue and he could be subject to impeachment on this subject

and no need would exist to take notice of his conviction in any manner other than through his impeachment. This impeachment information (if it is anything at all) is thus material aimed at a phantom witness who will apparently not be testifying. His so-called "relevance" to this case is thus so far-fetched as to be ludicrous.

With respect to the congressional studies and other administrative reports that the defendant also asks this Court to judicially notice, the case law is equally unavailing to her. Courts have repeatedly denied judicial notice of a variety of congressional materials or showed restraint in what is subject to notice. See, e.g., Garcia v. Kashi Company, 43 F. Supp. 3d 1359, 1370 (S.D. Fla. 2014) (testimony before Congress not subject to judicial notice); Randolph v. J.M. Smucker Company, No. 13-80581-CIV, 2014 WL 1018007 at *2 (S.D. Fla. Mar. 14, 2014 )(statements given before Congress "not adjudicative facts"); American Surgical Assistants, Inc. v. United Healthcare of Texas, Inc., No. 4:09-cv-0774, 2010 WL 1340557 at *6 (S.D. Tex. Mar. 30, 2010) ("discrete" and "quantifiable" portions of Congressional reports may be subject to notice). Moreover, such documents are often not even admissible under Federal Rule of Evidence 803 due to their lack of trustworthiness. See. e.g., Baker v. Firestone Tire & Rubber Company, 793 F.3d 1196, 1199 (11th Cir. 1986) (Congressional report did not contain factual findings necessary to

be deemed an "objective investigation" but rather a "politically motivated hearing"); Barry v. Trustees of International Association, 467 F. Supp. 2d 91, 98 (D. D.C. 2006) (Congressional reports "are not entitled to an additional presumption of trustworthiness or reliability…simply by virtue of having been produced by Congress"). Lacking trustworthiness under the hearsay rules, it seems clear that such records would also lack any claim to be "adjudicative facts" subject to judicial notice.

The Congressional and administrative sources that the defendant now asks this Court to judicially notice are thus not the type of information subject to notice under Rule 201. Moreover, it is hard to imagine how this Court could judicially notice them and communicate that fact to the jury, based upon their volume and content.

In addition, the United States believes that no prejudice will befall the defendant if the Court were to refuse to judicially notice these reports because most of them appear to discuss, in some passing portions, the inadequacies of the fingerprint practices and procedures of the INS in 1997. The United States expects to call witnesses who will discuss that issue and these witnesses will be subject to cross-examination on that subject. The defendant could also elect to call her own witnesses on this subject.

### III. Conclusion

WHEREFORE, based upon the foregoing arguments and authorities, the United States respectfully requests that this Court deny the defendant's Request for Court to Take Judicial Notice in all respects.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Jay L. Hoffer*
Jay L. Hoffer
Assistant United States Attorney
Florida Bar No. 0910708
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6187
E-mail: jay.hoffer@usdoj.gov

U.S. v. ENITE ALINDOR                    Case No. 8:17-cr-270-T-33MAP

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 26, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Irina Hughes, Esq.

                                      */s/ Jay L. Hoffer*
                                      Jay L. Hoffer
                                      Assistant United States Attorney
                                      Florida Bar Number 0910708
                                      400 North Tampa Street, Suite 3200
                                      Tampa, Florida  33602
                                      Telephone: (813) 274-6000
                                      Facsimile:  (813) 274-6187
                                      E-mail:     jay.hoffer@usdoj.gov