UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

       v.               Case No. 8:17-cr-270-T-33MAP

ENITE ALINDOR
  a/k/a Odette Dureland
  a/k/a Yvrose Policin

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S RENEWED MOTION FOR JUDGMENT
OF ACQUITTAL AND MEMORANDUM OF LAW**

COMES NOW the United States of America, by and through its representative, the undersigned Assistant United States Attorney, and responds to defendant's Renewed Motion for Judgment of Acquittal. In opposition thereto, the United States submits as follows

1. On May 25, 2017, the grand jury returned the indictment in the instant case. The allegations of that indictment have remained un-changed since that date.

2. At the conclusion of the case-in-chief of the United States on February 28, 2018, the defendant made a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). The Court denied that motion at that time. On March 1, 2018, the trial jury returned verdicts of guilty as to both counts of this indictment.

3.      For the reasons set forth in the incorporated Memorandum of Law, the United States respectfully urges this Court to deny the defendant's Renewed Motion for Judgment of Acquittal.

## MEMORANDUM OF LAW

### I.      Factual Background

The indictment alleges and the evidence at trial proved that the defendant procured United States citizenship under the name of "Odette Dureland" by making false statements in her application for citizenship. In her N-400 application for naturalization and in her face-to-face interview with CIS officials, the defendant made false denials as to certain crucial and material facts. Had CIS officials known of those facts, they would have both disqualified her from being eligible for citizenship and might also have initiated further investigation that would have produced the same result: the denial of her application for citizenship. Specifically, the defendant failed to acknowledge that in February 1997, she petitioned the INS for asylum protection under the name "Enite Alindor".  She also did not acknowledge or admit in her N-400 form her arrest history in her native country of Haiti and also denied the use of names other than "Odette Dureland" and/or "Yvrose Policin". She also further concealed her previous application for immigration benefits or relief under the name "Enite Alindor".  Due to the nature of the

procedures of the INS in 1997 relating to the fingerprinting of asylum applicants and the INS' faulty procedures for the storage and other use of those prints, the INS was unaware of this failed Alindor application when it processed and reviewed the defendant's application for citizenship fifteen years later in 2012 under the "Dureland" identity.

## II. Legal Analysis

In ruling on a defendant's motion for a judgment of acquittal, the Court may grant such a motion if the evidence at trial is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In deciding a motion under this rule, the Court should apply "the same standard as that used for reviewing a conviction for sufficiency of the evidence." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989). The court must view all of the evidence in the light most favorable to the United States and must resolve any conflicts in the evidence in favor of the United States and accept all reasonable inferences that tend to support the Government's case. United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999). "'It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt.' " Id. (quoting United States v. Sellers, 871 F.2d at 1021). A jury is "free to choose among

reasonable constructions of the evidence" and the Court must accept all of the jury's "'reasonable inferences and credibility determinations.' " United States v. Ward, 197 F.3d at 1079 (quoting United States v. Sellers, 871 F.2d at 1021). Ultimately, it is a question of whether a "reasonable jury" could have found the defendant guilty beyond a reasonable doubt from the evidence before it.

      In the instant motion, counsel for the defendant repeatedly either mis-characterizes the evidence at trial or blithely ignores other damning evidence introduced at the trial in this case. For example, she has contended that the only evidence which the United States presented at the trial that the defendant was involved in the preparation and submission of the "Enite Alindor" asylum petition was the fact that a set of the defendant's fingerprints was contained in the INS/CIS copy of her A-file. Renewed Motion for Judgment of Acquittal at 5. She ignores the additional presence of two photographs of the defendant in that "Alindor" file, as well as the rather suspicious coincidence that both "Alindor" and "Dureland" reported having been born in Aquin, a small town in Haiti and on a date exactly one year apart. Counsel for the defendant further ignores the repeated references to the "Alindor" family name in what counsel has repeatedly characterized as the true and legitimate documents which the defendant submitted and which entered the A file of the defendant under the name "Odette Dureland". Counsel for the defendant also ignores

the defendant's statement to Special Agent Lockhart after her arrest that her mother's last name was "Alindor". These additional items of proof of the defendant's connection to the "Alindor" file and Alindor's asylum petition constituted substantial evidence of her guilt. Further evidence of her guilt also lay in the fact of the presence of a Haitian marriage certificate in the supposedly accurate and legitimate "Dureland" A file which reflected that Policin/Dureland's date of birth was, in fact, the June 1961 date of birth which "Alindor" had listed as her date of birth in her 1997 asylum petition.

Counsel for the defendant also persists in mis-apprehending and mis-representing the directions of the Supreme Court in its recent opinion in <u>Maslenjak v. United States</u>, 137 S. Ct. 1918 (2017). In its opinion, the Court dealt with the "operational question: How should § 1425(a)'s requirement of causal influence apply in practice, when charges are brought under that law?" <u>Id.</u> at 1928. The majority opinion went on to posit two alternative methods of "causal inquiry". <u>Id.</u> Under the first method of "causal inquiry", if the facts prove that a defendant "misrepresented are themselves disqualifying, the jury can make quick work of that inquiry. In such a case, there is an obvious causal link between the defendant's lie and her procurement of citizenship…The Government need only expose that lie to establish that she obtained naturalization illegally- for had she told the truth instead, the official would

have promptly denied her application." Id.

This is exactly the circumstance that occurred in this case. Trial evidence proved that the defendant lied in denying that she had ever used an alternate name in applying for immigration benefits and denied her use of the "Alindor" identity. Several witnesses for the United States testified that had they been aware that the defendant had used the "Alindor" identity and had they been aware of her prior order of removal from the United States, they would have denied the defendant's application for naturalization in 2012, detained her at the CIS offices, and had her held there for arrest by ICE agents in order to carry out that prior order of removal. She would thus not have qualified for naturalization and would have wound up back in removal proceedings due to her prior order of deportation. Applying this theory of prosecution, then, under the language of the Maslenjak opinion, the defendant's otherwise qualification for citizenship (if, indeed she were so "otherwise qualified") would be irrelevant and moot.

In her opinion, Justice Kagan then went on to lay out a second, alternate method through which a lie by an applicant for naturalization could be found to be sufficient for conviction under 18 U.S.C. § 1452(a). As Kagan noted, the direct causal link theory was "not the only time a jury can find that a defendant's lie had the requisite bearing on a naturalization decision." Id. at

1929 (emphasis added). Justice Kagan went on to articulate that even if the lie which a naturalization candidate told would not, in and of itself, justify the immediate denial of her application, "they could have 'led to the discovery of other facts which would' do so." Id. Under this so-called "investigation-based theory" of 18 U.S.C. § 1425, the investigation only had to have the possibility of revealing a disqualifying fact…it "need not show definitively that its investigation would have borne disqualifying fruit." Id. Only "when the Government can make its two-part showing" under this "investigation-based theory" may the defendant seek to repudiate it and establish an affirmative defense of sorts by proving that she would have been otherwise qualified for naturalization. Id. at 1930 (emphasis added).

Significantly, counsel for the defendant mis-states the evidence again when she claims that this Court must vacate this verdict because "it is uncontroverted" that the defendant qualified for citizenship derivatively through either her brother or husband. Renewed Motion for Judgment of Acquittal at 2. No such evidence exists. In fact, what was uncontroverted was the fact that her prior order of removal as "Alindor" made the defendant ineligible for either asylum status or citizenship, as several INS and CIS witnesses explained at trial. Neither the status of the defendant's brother as a United States citizen nor her alleged husband's status as an asylee from Haiti

would have saved this defendant from being placed into deportation proceedings based upon Alindor's October 1997 order of removal.

The trial jury chose, based upon its review of the evidence, to believe that the United States had proven its case under the first direct causation theory of 18 U.S.C. § 1425. Its special verdict reflected that fact specifically. Doc. 96. There was more than ample evidence to support that conclusion on the facts before this jury and they chose to convict the defendant under Justice Kagan's first method of "causal inquiry". This Court must accept that determination and thus must deny the defendant's motion since, in that case, there was no need for the jury to go on to consider what counsel claims was the defendant's supposed "otherwise" qualification for citizenship.

The trial jury had more than ample evidence before it that the defendant's lies were "themselves disqualifying". Id. at 1928. In such a case, as they did here, the trial jury could "make quick work of that inquiry" and properly render a verdict of guilty. Id. Since that is what the trial jury clearly did in this case, as their verdict form showed explicitly, there is no basis for this Court to disturb their decision now.

### III. Conclusion

WHEREFORE, based upon the foregoing arguments and authorities, the United States respectfully requests that this Court deny the defendant's Renewed Motion for Judgment of Acquittal in all respects.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Jay L. Hoffer*
Jay L. Hoffer
Assistant United States Attorney
Florida Bar No. 0910708
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:  (813) 274-6000
Facsimile:  (813) 274-6187
E-mail:  jay.hoffer@usdoj.gov

U.S. v. ENITE ALINDOR                    Case No. 8:17-cr-270-T-33MAP

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 19, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Irina Hughes, Esq.

                                      <u>/s/ Jay L. Hoffer</u>
                                      Jay L. Hoffer
                                      Assistant United States Attorney
                                      Florida Bar Number 0910708
                                      400 North Tampa Street, Suite 3200
                                      Tampa, Florida  33602
                                      Telephone: (813) 274-6000
                                      Facsimile:  (813) 274-6187
                                      E-mail:       jay.hoffer@usdoj.gov

T:\_Cases\Criminal Cases\A\Alindor, Enite_2017R01015_JLH\p_Govt's Response to Renewed Motion for Judgement of Acquittal.docx

10